**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 29 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ULIDE ANTHONY RUDON, | No. 24-544 |
| Petitioner, | Agency No. A216-448-695 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 10, 2026

San Francisco, California

Before: MURGUIA, Chief Judge, and McKEOWN and PAEZ, Circuit Judges.

Petitioner Ulide Anthony Rudon ("Rudon"), a native and citizen of Belize, seeks review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") denial of his application for deferral of removal under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We grant the petition.[1]

Rudon fears torture in Belize based on a death threat from his son, a gang member; retaliation from his son's victims and their family members; and lack of medical treatment in Belize. Rudon testified before the IJ that his son, Ulide Allen, is the leader of a gang in Belize City. After Rudon returned to Belize in 2020, Rudon met Allen for the first time and told Allen that he wanted to have a relationship with him. However, when Allen asked Rudon to help Allen get his attempted murder charge dropped, Rudon refused to help and had no further direct communication with Allen. Rudon later learned from his sister that Allen had planned Rudon's death and sent a gang member named Kelvin Gongora to kill Rudon. Rudon provided evidence documenting Allen and Gongora's repeated violent criminal activity. Rudon also provided an expert report documenting Rudon's ongoing post-traumatic stress disorder ("PTSD") symptoms.

The IJ found Rudon's testimony credible but denied his application for CAT protection. The BIA affirmed, concluding that Rudon did not experience past torture and that his fear of future torture was speculative.

Where, as here, "the BIA conducts its own review of the evidence and the law, [the Court] only reviews the BIA's decision, except to the extent it expressly adopts

---

[1] Rudon's motion to strike (Dkt. No. 81) and motion to file replacement brief (Dkt. No. 82) are granted.

the IJ's decision." *Cole v. Holder*, 659 F.3d 762, 769–70 (9th Cir. 2011) (quoting *Eneh v. Holder*, 601 F.3d 943, 946 (9th Cir. 2010)). We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022).

"To receive CAT protection, a petitioner must prove that it is 'more likely than not' that he or she would be tortured if removed." *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021) (citations omitted). A CAT claim also requires a showing of government acquiescence. *Id.* "[M]ental pain or suffering" that amounts to "prolonged mental harm" may constitute torture when it is caused by, among other things, "[t]he threat of imminent death." 8 C.F.R. § 1208.18(a)(4). In evaluating the probability of torture under CAT, "all evidence relevant to the possibility of future torture shall be considered." *Cole*, 659 F.3d at 770 (quoting 8 C.F.R. § 1208.16(c)(3)). Although the agency is not required to "discuss each piece of evidence submitted," where a petitioner presents "highly probative or potentially dispositive evidence," "the BIA must give reasoned consideration to that evidence." *Id.* at 771–72; *see also Udo v. Garland*, 32 F.4th 1198, 1202–03 (9th Cir. 2022).

Here, the agency failed to give reasoned consideration to highly probative evidence about Rudon's claimed past torture. For example, the BIA's decision concludes that Rudon's fear of torture by his son and his son's gang is "speculative" but does not discuss the news articles which describe Allen's and Gongora's history

of committing violent crimes, including attempted murder, with impunity. Had the agency considered these articles, it could have concluded that Rudon's fear of torture was not speculative. *See Udo,* 32 F.4th at 1205 (concluding that overlooked documentary evidence was highly probative because it could have altered the agency's conclusion).

The articles are also highly probative as to acquiescence because they suggest that the men Rudon fears have repeatedly evaded arrest and prosecution, which could support the conclusion that the police are unable to protect Rudon. The agency must consider "whether the government both 'could *and* would provide protection,' from private persecutors," and errs where it focuses "only on the [] government's willingness to control [the persecutors], not its *ability* to do so." *J.R. v. Barr*, 975 F.3d 778, 783 (9th Cir. 2020) (citation omitted); *Madrigal v. Holder,* 716 F.3d 499, 506 (9th Cir. 2013).

Similarly, the BIA failed to consider the expert report describing Rudon's ongoing PTSD symptoms, in part caused by "his son attempting to kill him," which are highly probative of whether Rudon suffered past torture. 8 C.F.R. § 1208.18(a)(4).

Because the BIA's analysis neglected highly probative evidence, indicating that the BIA did not consider all the evidence before it, "the decision cannot stand." *Cole*, 659 F.3d at 772. We therefore **GRANT** the petition, **VACATE** the BIA's

decision, and **REMAND** for further proceedings consistent with this disposition.[2]

---

[2] The motion for a stay of removal (Dkt. No. 2) is denied as moot.

24-544